1  John R. Brydon (Bar No. 83365)
   Eric Brenneman (Bar No. 287711)
2  **DEMLER, ARMSTRONG & ROWLAND, LLP**
   11341 Gold Express Drive, Suite 110
3  Gold River, CA 95670
   Telephone:  (916) 365-4000
4  Facsimile:   (415) 354-8380
   Email:            bry@darlaw.com
5                       bre@darlaw.com

6  Attorneys for Public Risk Innovation,
   Solutions and Management

7

8

9                    UNITED STATE DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  HORACE ROBERTS,                    ) **CASE NO.  5:19-cv-01877-JGB-SHK**
                                       )
12              Plaintiff,             )
                                       ) **MEMORANDUM OF POINTS**
13       v.                            ) **AND AUTHORITIES IN**
                                       ) **SUPPORT OF MOTION TO**
14  COUNTY OF RIVERSIDE,               ) **DISMISS**
    COUNTY OF SAN BERNARDINO,          ) **[Fed. R. Civ. P. 12(b)(5)]**
15  DAVID COX, ROBERT CREED,           )
    DAVID COLLINS, SHELDON             )
16  GILL, MARK CORDOVA,                ) Date: January 25, 2021
    EDWARD CHAVEZ, RICK                ) Time: 9:00 a.m.
17  ZERKEL, DEPUTY ORONA,              ) Dept.: 1
    TIMOTHY JOHNSON, the               )
18  ESTATE of LARRY SMITH,             )
    GARY PENROD, the ESTATE of         ) Complaint Filed:  October 1, 2019
19  CHARLES VARGA, DONALD              ) Trial Date:            June 8, 2021
    JONES, GLENN LIGHTFOOT,            )
20  MICHELE MERRITT, M. SIKES,         )
    UNKNOWN OFFICERS OF THE            )
21  RIVERSIDE COUNTY SHERIFF'S         )
    DEPARTMENT and UNKNOWN             )
22  OFFICERS OF THE SAN                )
    BERNARDINO COUNTY                  )
23  SHERIFF'S DEPARTMENT,              )
                                       )
24              Defendants.            )

25  ///

26  ///

27  ///

28  ///

1

MPA ISO MOTION TO DISMISS                                    5:19-cv-01877-JGB-SHK

## I. SUMMARY OF THE ARGUMENT

Plaintiff Horace Roberts filed his Third Amended Complaint, naming as defendants the estates of several deceased former employees of defendants Riverside County and San Bernardino County. Plaintiff then served the TAC on non-party governmental entity and joint powers authority PUBLIC RISK INNOVATION, SOLUTIONS AND MANAGEMENT ("PRISM") in an effort to effectuate service on the deceased former employees pursuant to California Probate Code section 550 et seq. However, Probate Code section 550 only applies to insurance and PRISM is not an insurer as a matter of law. Accordingly, service was improper, and PRISM requests an order quashing service of summons or otherwise dismissing the action.[1]

## II. STATEMENT OF FACTS

PRISM was founded as a joint powers authority ("JPA") in 1979 pursuant to Government Code § 6500 and Government Code §§ 990.4 and 990.8. (Declaration of Michael Pott ("Pott Decl.") at ¶ 2 and Ex. A at p. 1.) PRISM's members include various counties, cities, and other local public entities. (Id. at ¶ 3.) As is pertinent to this motion, Riverside County has been a member since 1984. (Id. at ¶ 4.) San Bernardino County was a member from 2-15-91 through 6-30-09; it then rejoined on 7-1-16 and is currently a member. (Id. at ¶ 5.)

In the present litigation, Roberts alleges he was wrongfully incarcerated for the 1998 murder of Terry Cheek and asserts 11 causes of action for violation of his Constitutional rights against Riverside County, San Bernardino County, and several current and former employees of their respective Sherriff's Departments. (ECF Docket No. 149, Third Amended Complaint.) In the TAC, Plaintiff alleges that two former employees of Riverside County and its Sherriff's departments, Charles Varga and Larry Smith, are now deceased. (Id. ¶19.) Plaintiff also alleges that a former employee of San Bernardino County and its Sherriff's

---

[1] As of the time of this filing, Plaintiff's counsel had not yet filed a proof of service with the Court.

2

MPA ISO MOTION TO DISMISS                                         5:19-cv-01877-JGB-SHK

Department, Randy Key, is also deceased. (Id. at ¶20.) Plaintiff therefore names their estates as defendants (collectively referred to herein as the "Deceased Defendants"). (Id. at ¶¶ 19, 20.) As relevant to this motion, Plaintiff alleges that Riverside County and San Bernardino County are responsible for indemnifying the Deceased Defendants. (Id. at ¶¶ 25, 26.) Plaintiff does not allege that the Deceased Defendants were covered by insurance. (See generally, TAC.)

On November 16, 2020, Plaintiff e-mailed the Third Amended Complaint, summonses, and a notice of receipt to PRISM. (Pott Decl. at ¶6.) The summonses indicated that PRISM was being served on behalf of the Deceased Defendants. (Id.) PRISM sent a letter to Plaintiff on November 18, 2020 advising that service was improper because PRISM is not a party to the action. (Id. at ¶7, Ex. B.) Plaintiff responded that service was made pursuant to California Probate Code section 552(a). (Id. at ¶8, Ex. C.) On November 19, 2020, PRISM advised that it is a joint powers authority and not an "insurer" and thus could not be served pursuant to that code section. (Id.)

On November 24, 2020, Plaintiff sent the Third Amended Complaint and summonses to PRISM via certified mail. (Pott Decl. at ¶9, Exhibit C.) The summonses again indicated that PRISM was being served on behalf of the Estate of Charles Varga, the Estate of Larry Smith, and the Estate of Randy Key. (Id.) Plaintiff's counsel and PRISM's counsel continued to meet and confer in order to comply with L.R. 7-3, but the parties were unable to resolve this dispute, thereby necessitating this motion. (Id. at ¶11-13, Ex. C; Declaration of Eric Brenneman at ¶¶2-7, Ex. E-H.)

### III. LEGAL ARGUMENT

**A.  Legal Standard on Motion to Dismiss**

"Although federal courts have authority to quash defective service of process as an alternative to dismissing a complaint, the Federal Rules of Civil Procedure technically do not provide for Motions to Quash." (R. Griggs Group v.

1  Filanto Spa, 920 F.Supp.110, 1102 (D. Nev. 1996).)  A motion under Federal Rule
2  of Civil Procedure 12(b)(5) is the correct vehicle for challenging defective service.
3  (Id.)
4    Moreover, parties may submit supplemental materials including sworn
5  affidavits and exhibits with a motion to dismiss under Federal Rule of Civil
6  Procedure 12(b)(5).  (Travelers Cas. & Sur. Co. v. Telstar Constr. Co., 252
7  F.Supp.2d 917, 922-923 (D. Ariz. 2003).)  Submission of said materials does not
8  convert the motion to dismiss into a motion for summary judgment.  (Id.)
9    When service is challenged with a motion to dismiss pursuant to Federal
10 Rule of Civil Procedure 12(b)(5), it is the plaintiff that carries the burden of
11 establishing that he has properly effected service.  (Hilska v. Jones, 217 F.R.D. 16,
12 20 (D. D.C. 2003).)  Here, Plaintiff will be unable to meet his burden.
13 **B. California Probate Code Requirements to Proceed Against Estate of**
14   **Deceased Defendants Without Joining Personal Representative**
15   California Probate Code section 550, *et seq*. allows a plaintiff to proceed
16 with an action against a deceased defendant's estate without the need to join the
17 decedent's personal representative or successor in interest where the decedent was
18 protected by "insurance."  (Cal. Prob. Code §550(a).)  The complaint shall name
19 the defendant as "Estate of (name of decedent), Deceased" and the summons shall
20 be "served on a person designated in writing by the insurer or, if none, on the
21 insurer."  (Cal. Prob. Code §552(a).)
22   Probate Code sections 550 and 552 only use the term "insurance" and
23 "insurer." Therefore, PRISM must be considered an "insurer" in order for
24 Plaintiff's service of the TAC on behalf of the Deceased Defendants to be proper.
25 ///
26 ///
27 ///
28 ///

C. **Rules of Statutory Construction Require the Court to Apply the Plain Meaning of the Term "Insurer," Which Does Not Include JPAs such as PRISM.**

According to the U.S. Supreme Court, the "starting point for interpretation of a statute 'is the language of the statute itself' and '[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" (Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990), quoting Consumer Product Safety Comm'n v. GTE Sylvania, Inc. 447 U.S. 102, 108 (1980).) Under California law, "the words of the statue provide the most reliable indication of legislative intent." (Daghlian v. DeVry Univ., Inc., 461 F.Supp.2d 1121, 1127 (C.D. Cal. 2006), quoting Neilson v. Chang (In re First T.D. & Inv., Inc.) 253 F.3d 520, 527 (9th Cir. 2001).) Further, the court should give the language in the statute its "usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." (Id., quoting Dyna-Med, Inc. v. Fair Employment & Hous. Comm'n, 43 Cal.3d 1379, 1386-87 (1987).)

Here, the language is clear. Probate Code section 550 refers to "insurance" and Probate Code section 552(a) refers to an "insurer." These terms have been clearly defined in the Insurance Code. As explained in Truck Ins. Exchange v. Amoco Corp. 35 Cal.App.4th 814, 823 (1995):

> Whether an entity is an insurer does not depend on the entity's size, sophistication, corporate retention policies, or claims handling abilities. (Citations omitted.) Rather, by statute, an "insurer" is a "person who undertakes to indemnify another by insurance." (Cal. Ins. Code §23.) Insurance is defined as "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." (Cal. Ins. Code §22.) . . . Case law has interpreted [Insurance Code section 22] as requiring two elements: "(1) a risk of loss to which one party is subject and a shifting of that risk to another party; and (2) distribution of risk among similarly situated persons." However, the "mere fact that a contract contains these two elements [shifting

and distribution of risk of loss] does not necessarily mean that the agreement constitutes an insurance contract for purposes of statutory regulation.

Thus, "insurance" is a term of art with a specific meaning.

Under California Government Code section 990.8(c), joint powers authorities "shall not be considered insurance nor be subject to regulation under the Insurance Code."  (See also City of South El Monte, 38 Cal.App.4th 1629, 1639 (1995) [reviewing the legislative history and holding principles of insurance law do not apply to coverage questions].)  Notably, PRISM's governing Joint Powers Agreement specifically incorporates Government Code section 990.8(c) and the reference that any coverage provided is not considered insurance.  (Pott Decl., ¶ 2, Ex. A at p. 1.)

Furthermore, in Orange County Water Dist. v. Ass'n of Cal. Water Etc. Auth., 54 Cal.App.4th 772 (1997), the court held that the plain meaning of the term "insurance" in an insurance policy did not apply to joint powers authorities.  (See also Schools Excess Liability Fund v. Westchester Fire Ins. Co., 117 Cal.App.4th 1275 (2004) [same].)

As is readily evidenced from the above authorities, under California law the terms "insurer" and "insurance" do not include joint powers authorities, such as PRISM.   Had the Legislature intended for California Probate Code section 550, *et seq*. to apply to joint powers authorities, it would have used the appropriate terms to do so.  Probate Code sections 550 and 552 therefore do not apply to PRISM and service of the TAC on behalf of the Deceased Defendants was improper.

**D.     California Probate Code Section 550 et seq Does Not Apply to Indemnity Agreements.**

PRISM understands that Plaintiff will argue that indemnity agreements fall within Section 550 and has cited the case of O'Connell v. Smith, 2013 WL 12348851 (C.D.Cal. Sep. 23, 2013) for this proposition in meet and confer correspondence.  PRISM's position is that the more recent case of Coley v.

Ventura County, 2019 U.S.Dist LEXIS 227420 (C.D.Cal., Sept. 24, 2019) is instructive on this issue. The *Coley* court noted the competing district court opinions on whether indemnity agreements fell within Section 550 but found that "the 'California Supreme Court has held that establishing proof of insurance coverage is essential to recovery under Probate Code § 550.'" (Id. at *15-16 [internal citation omitted].) The *Coley* Court therefore ruled that Plaintiff's allegations pertaining to indemnity agreements were insufficient to trigger application of Probate Code section 550. (See also Hanline v. County of Ventura, 2016 U.S. Dist. LEXIS 83355 (C.D.Cal. June 8, 2016) [also finding that the failure to plead deceased defendants were covered by insurance justified dismissal].

As set forth above, the statute only applies to "insurance," which does not encompass indemnity agreements of joint powers authorities such as PRISM. Moreover, Plaintiff has not pleaded the Deceased Defendants were covered by insurance. Plaintiff has also not pleaded that the Deceased Defendants tendered the claim to their respective County employers during their lifetime, such that they would be entitled to indemnification. (See Cal. Gov't Code § 825(a).) The TAC therefore fails to state sufficient facts to effectuate service of process under Probate Code section 550 et seq. Indeed, it is clear under California law that PRISM is not an insurer. Plaintiff therefore cannot make that allegation in good faith if it intends to serve PRISM on behalf of the Deceased Defendants.

## IV. DISPOSTION REQUESTED

Plaintiff's attempt to serve the Deceased Defendants through PRISM under the Probate Code is fatally deficient because California law is clear that PRISM is not an "insurer" within the meaning of the applicable statutes. Pursuant to the foregoing, PRISM respectfully requests an order quashing any service of summons

///

///

1  on PRISM or otherwise dismissing the action.  PRISM also requests an award of
2  costs of suit.

4  Dated:  December 21, 2020         DEMLER, ARMSTRONG & ROWLAND, LLP

6                                    By: _____
7                                    John R. Brydon
                                     Eric Brenneman
8                                    Attorneys for Public Risk Innovation,
                                     Solutions and Management