David B. Owens, State Bar No. 275030
david@loevy.com
Jon Loevy, admitted *pro hac vice*
jon@loevy.com
Anand Swaminathan, admitted *pro hac vice*
anand@loevy.com
Steve Art, admitted *pro hac vice*
steve@loevy.com
Alison R. Leff, admitted *pro hac vice*
alison@loevy.com
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)

Jan Stiglitz, State Bar No. 103815
js@cwsl.edu
Law Office of Jan Stiglitz
14462 Garden Trail
San Diego, CA 92127
(619) 525-1697 (phone)
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HORACE ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE *et al.*,<br><br>Defendants. | Case No. 5:19-cv-01877-JGB-SHK<br><br>**Response to Public Risk Innovation, Solutions, and Management's Motion to Dismiss**<br><br>Hon. Jesus G. Bernal<br>Hon. Shashi H. Kewalramani<br><br>**Hearing Date: January 25, 2021**<br>**Hearing Time: 9 a.m.**<br>**Courtroom 1, Judge Bernal** |

LOEVY & LOEVY
Attorneys at Law

- 1 -
**Plaintiff's Response in Opposition to PRISM Motion to Dismiss** 5:19-cv-01877-JGB-SHK

Now comes Plaintiff, Horace Roberts, by and through his attorneys, and responding in opposition to Public Risk Innovation, Solutions, and Management's motion to dismiss (ECF No. 191) states as follows:

## INTRODUCTION

Public Risk Innovation, Solutions, and Management (PRISM) has filed a motion to dismiss this case for insufficient service of process under Rule 12(b)(5). PRISM contends that it is not an entity subject to service, even though the California Probate Code expressly authorizes a suit against the estates of deceased defendants, limited to coverage provided by insurers who are obligated to indemnify a judgment against those decedents, and mandates that summonses are to be served on those entities providing that coverage. California Probate Code §§ 550 & 552. This Court has already concluded that Plaintiff's claims against the estates of deceased Defendants Varga, Smith, and Key are timely and may proceed. Importantly, PRISM does not deny that it is obligated to indemnify a judgment entered in this case against those Defendants. Instead, PRISM asserts that because it is a Joint Powers Authority (JPA) not subject to the California Insurance Code it cannot be served with process under California Probate Code § 552. The argument is unsupported by case law, it is contrary to the text and purpose of the California Probate Code and 42 U.S.C. § 1983, and it runs contrary to this Court's prior decisions in this case and other cases in this District. This Court should deny the motion.

## DISCUSSION

### A. Plaintiff's Claims Against the Deceased Defendants

Plaintiff filed suit against former officers of the Riverside County and San Bernardino County Sheriff's Departments, as well as Riverside and San Bernardino Counties, alleging that these Defendants caused his wrongful conviction and decades-long wrongful imprisonment. ECF No. 1. Extensive motion practice followed,

LOEVY & LOEVY
Attorneys at Law

including three rounds of motions dismiss (ECF Nos. 46, 82, 96, 124) and three amended complaints (ECF Nos. 1, 67, 69, 114, 149). See ECF No. 143 at 1-3 (summarizing the proceedings). Plaintiff alleged among other things that Defendants Charles Varga and Larry Smith (former Riverside employees) and Defendant Randy Key (a former San Bernardino employee) committed constitutional violations giving rise to his wrongful conviction. ECF No. 149 ¶¶ 19, 20-23, 70, 94, 99, 101, 104-110, 130, 150, 160, 171.

Relevant here, counsel have appeared for the Riverside Defendants and the San Bernardino Defendants. Counsel for the Riverside Defendants informed Plaintiff that Defendants Varga and Smith are deceased, ECF No. 115 ¶ 7, and counsel for the San Bernardino Defendants filed a notice that Defendant Key is deceased, ECF Nos. 89, 125. During the third round of motions to dismiss, the San Bernardino Defendants took the position that Plaintiff's claims against Defendant Key should be dismissed, arguing that he could not be sued because he is deceased and that claims against him were untimely. ECF No. 124 at 12-14.

At the same time, Plaintiff filed a motion to substitute the personal representatives, successors in interest, or estates of deceased Defendants Varga, Smith, and Key. ECF No. 128. Plaintiff explained that his claims survived the deaths of these Defendants, that they were timely, and that California law permits him to proceed against their personal representatives or successors in interest, Cal. Civ. Proc. Code § 377.40, or against their estates without joining a representative or successor, Cal. Prob. Code § 550. See ECF Nos. 128, 140 at 20-25. In response, the San Bernardino Defendants argued a second time that the claims against Key were untimely and that his estate could not be substituted. ECF No. 136.

This Court ruled that Plaintiff's claims against Defendants Varga, Smith, and Key survive their deaths, ECF No. 143 at 5, and that the claims were timely filed, *id.*

at 11-12. The Court granted Plaintiff leave to file an amended complaint "to remove Deceased Defendants as parties and add Deceased Defendants' personal representatives, successors-in-interest, or estates in their place." *Id.* at 12. Plaintiff then filed a third amended complaint, naming the Estates of Charles Varga, Larry Smith, and Randy Key as Defendants (hereinafter the "Estates"). ECF No. 149.

**B. Consistent with California Law, Plaintiff Serves the Estate Summonses on PRISM, Which Provides Coverage to Former Employees of Riverside and San Bernardino**

As explained in Plaintiff's papers seeking leave to name the Estates, California law provides that "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Cal. Prob. Code § 550; ECF No. 128 & 140. The Court granted Plaintiff leave to add the Estates consistent with this provision. ECF. 143 at 12. The California Probate Code provides in the same chapter:

> An action under this chapter shall name as the defendant, "Estate of (name of decedent), Deceased." Summons shall be served on a person designated in writing by the insurer or, if none, on the insurer. Further proceedings shall be in the name of the estate, but otherwise shall be conducted in the same manner as if the action were against the personal representative.

Cal. Prob. Code § 552(a). Given this mandatory command regarding service, Plaintiff sought to serve the summonses for the Estates on the insurer providing coverage to them.

Pursuant to Rule 26, Defendants were obligated to identify "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to

LOEVY & LOEVY
Attorneys at Law

satisfy the judgment." FED. R. CIV. P. 26(a)(1)(A)(iv). Though the Riverside Defendants objected to this requirement of Rule 26 and ignored Plaintiff's Local Rule 37-1 correspondence asking for a proper disclosure, the San Bernardino Defendants provided a coverage summary from CSAC Excess Insurance Authority, and they have identified that coverage as applying in this case. See Exhibit A (Letter from the San Bernardino Defendants with CSAC Insurance Summary). Plaintiff understands from public records requests sent to Riverside that the same CSAC policies provide coverage both to the former Riverside and to the former San Bernardino Defendants in this case. See Exhibit B (Riverside Response to Plaintiff's Public Record Request & Policy).

Given that the CSAC policy provides coverage for the Estates in this suit, and the mandate of California law set out above, Plaintiff attempted to serve the third amended complaint and summonses on CSAC. ECF Nos. 166. Plaintiff received a letter in response from PRISM stating that CSAC was now called PRISM and that PRISM would not accept a waiver. Exhibit C (Nov. 18, 2020 Correspondence from PRISM). Plaintiff then served PRISM with summonses via certified mail. ECF Nos. 191 at 3; 192; 196 ¶ 16.

PRISM objected that, because it is a Joint Powers Authority under California law, it was not the proper subject of service. ECF Nos. 192 & 193. Plaintiff asked PRISM for authority that it was not subject to service under the provisions of the California Probate Code requiring complaints and summonses against estates to be served against the insurer of the estate. *Ibid.* PRISM responded that JPAs in California are not subject to the Insurance Code. *Ibid.* Plaintiff observed that the Insurance Code and Probate Code are different laws, and he informed PRISM that he had found no case holding that service on a JPA covering an estate named in civil litigation is improper. ECF No. 193 at 15-16.

Finally, Plaintiff asked PRISM if, under its contract with the Defendants, it was obligated to identify a judgment against the Estates in the event that a judgment is entered against them in this action. *Id.* at 16. PRISM refused to respond to that question. *Id.* at 19. Plaintiff asked again; and PRISM maintained its refusal to respond. *Id.* at 8.

PRISM then moved to dismiss. ECF No. 191. The Riverside Defendants filed a "notice of joinder," ECF No. 197, and the San Bernardino Defendants filed a "notice of non-opposition," ECF No. 198. Given PRISM and Defendants' opposition to service, Plaintiff filed a motion for an extension of time to serve summonses. ECF No. 196. The San Bernardino Defendants filed a response objecting to that motion, raising the same timeliness arguments they raised during the third round of motions to dismiss, *compare* ECF No. 200 at 1-6, *with* ECF No. 124 at 12-14, and echoing arguments that PRISM presents in its motion to dismiss, ECF No. 200 at 7-8.

**C. PRISM's Motion to Dismiss Should Be Denied**

PRISM's motion to dismiss should be denied.[1] This Court has already granted Plaintiff leave to name the Estates as Defendants in this matter, and it has held that Plaintiff's claims against the Estates survive those Defendants' deaths and are timely. ECF No. 143 at 12. Consistent with the Court's order, Plaintiff has filed a third amended complaint naming the Estates. ECF No. 149. Neither PRISM's nor Defendants' filings raise any meritorious argument for dismissal of the Estates. PRISM does not argue that the Estates are improper Defendants. See ECF No. 191. Instead, it asserts that it should not have been served summonses. *Id.* Meanwhile, the San Bernardino Defendants' arguments that claims should not proceed against the Estates, which are repeated in their opposition to Plaintiff's motion to extend the time

---

[1] As this Court has already explained to the Riverside Defendants, they are not permitted to join a motion to dismiss by filing a "notice" after they have already answered the complaint. ECF No. 143 at 2 n.4.

LOEVY & LOEVY
Attorneys at Law

for service, see ECF No. 200 at 1-6, have already been rejected by this Court, ECF No. 143 at 11-12, and they should be rejected again.

Given that the Estates are properly named as parties, the question before the Court is whether service on PRISM is consistent with the provisions of California law under which the Court allowed Plaintiff to name the Estates. California law plainly contemplates that claims against a deceased defendant shall be allowed to proceed against the estate of the defendant, without joining a personal representative, so long as the decedent was protected by insurance and so long as the summons is served on the insurer. Cal. Prob. Code §§ 550(a) & 552(a). The statutory regime is designed to limit a judgment from a civil lawsuit to the available coverage when the estate is named but the personal representative is not, and to require participation of the personal representative if recovery is sought in excess of coverage. *Id.* §§ 550(a), 552(a), 554. Where the claim proceeds against the estate, a judgment for the plaintiff is enforceable only from insurance coverage and not against property in the estate. *Id.* § 554. "The insurer may 'deny or otherwise contest its liability in an action under this chapter or by an independent action,'" but courts have made clear that service of process on an insurer providing coverage is proper. *Cal. Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 948-50 (E.D. Cal. 2003); see also *Tajran v. Estate of McDonald*, 2020 WL 256209, at *7 & n.8 (Jan. 17, 2020). Because California law mandated that Plaintiff serve summonses on those providing insurance coverage to the Estates, it would be odd to hold that service on PRISM—the entity that has a contract to indemnify a judgment with the Defendants and which Defendants have said will pay a judgment against them—is improper. Service on PRISM was proper.

Of course, PRISM is entitled to contest its liability in this action. But importantly, neither in conferences with Plaintiff nor in its motion does PRISM

LOEVY & LOEVY
Attorneys at Law

contest that it is required to provide coverage to the Estates by virtue of its contract with them and to indemnify a judgment against them. The federal cases cited by PRISM in support of dismissal involve situations where there is no evidence of an obligation to indemnify. ECF No. 191 at 6-7 (citing *Hanline v. County of Ventura*, 2016 WL 3360672, at *3 (C.D. Cal. June 8, 2016), which found that the fact "that county agencies 'routinely' pay civil suit judgments" was not an obligation to indemnify; and *Coley v. Ventura*, 2019 WL 7905740, at *6 (C.D. Cal. Sep. 24, 2019), which reached the same conclusion). Here, the opposite is true—there is a contract outlining an obligation to indemnify, the San Bernardino Defendants say PRISM must indemnify a judgment against them, and PRISM has not denied that it must indemnify the Estates.

PRISM's approach in this case is much different than the defense at issue in the cases it cites. PRISM does not argue that there is an absence of proof of its obligation to indemnify.[2] Instead, it seeks a way out of this case—at least so far as coverage of the Estates is concerned, given that other Defendants say PRISM is obligated to indemnify them—by asserting a deficiency in service. In effect, PRISM—along with the San Bernardino Defendants, who have and continue to oppose addition of the Estates—is attempting to obtain dismissal of the Estates without answering the predicate question whether PRISM is obligated to indemnify a judgment against those Estates. As discussed, Plaintiff asked PRISM to answer that question before it filed its motion to dismiss, and PRISM twice refused to answer. Perhaps it will inform the Court in its reply brief.

Regardless, PRISM's argument that service is improper lacks merit on its own terms. PRISM contends that because it is a JPA and JPAs are not subject to regulation

[2] If PRISM had made such an argument, it would at best be one that the Court would address at summary judgment. *O'Connell v. Smith*, 2013 WL 12348851, at *4-5 (C.D. Cal. Sep. 23, 2013) (reserving a similar question for summary judgment).

LOEVY & LOEVY
Attorneys at Law

under the California Insurance Code, the provisions of California Probate Code §§ 550 & 552 cannot apply to it—and in particular, render the service of summonses on it improper. This is a non sequitur. Notably, PRISM does not cite a single case that supports its interpretation of the California *Probate* Code. Nor does it cite a single case holding that service of process on an entity contractually obligated to indemnify a judgment is improper under California Probate Code § 552. The lack of controlling authority supporting PRISM's motion is reason enough to deny it.

But PRISM's narrow construction of the California Probate Code is also at odds with the purpose of the statute, which is designed to permit a suit to proceed against a decedent without bringing the personal representative into the litigation, so long as collection of the judgment against the estate is limited to the coverage available. PRISM provides that coverage. It would render California Probate Code §§ 550-554 meaningless to make that coverage unavailable and to require the personal representative to serve as a party, so that the personal representative could then turn around and seek the same coverage on behalf of the estate. In addition, courts have recognized that "insurance" in the California Probate Code should not be construed narrowly, and that even a statutory obligation to indemnify is "tantamount to liability insurance under Prob. Code § 550." *O'Connell*, 2013 WL 12348851, *4 (citing *Pelayo v. City of Downey*, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008), for the proposition that "indemnification under California Government Code § 825 is equivalent to insurance, if it is established that the decedent is entitled to indemnification"). PRISM is obligated by contract to indemnify a judgment against the Estates in this case, and that is precisely the type of entity that is to be served under California Probate Code §§ 550 & 552.

Finally, even if PRISM's arguments were viable, this Court should still reject them. Where state law provisions would undermine the objectives of section 1983,

LOEVY & LOEVY
Attorneys at Law

federal law provides that those provisions should not be applied in federal civil rights litigation. See *Schortt v. County of Los Angeles*, 2012 WL 13168214, at *3 n.3 (C.D. Cal. June 14, 2012). This Court has held already that Plaintiff's claims survive the deceased defendants' deaths and that they are timely, and it has granted leave to file those claims against the Estates, consistent with California law, which provides that they may proceed against an insurer providing coverage. To hold that a JPA that provides the Estates coverage cannot be served because of the way JPAs are treated under the California Insurance Code would be inconsistent with the purposes of section 1983. It would eliminate Plaintiff's meritorious constitutional claims against the Estates based on the most technical and legally unsupported reading of an unrelated area of California law. For that reason as well, PRISM's arguments should be rejected.

## CONCLUSION

For the foregoing reasons, this Court should deny PRISM's motion to dismiss.

DATED: January 4, 2021

RESPECTFULLY SUBMITTED,

/s/ Steve Art

Attorney for Plaintiff Horace Roberts